**SO ORDERED.**

**SIGNED this 29 day of July, 2009.**



_____
**ROBERT E. NUGENT**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

OPINION DESIGNATED FOR ON - LINE PUBLICATION
BUT NOT PRINT PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RANDAL W. BARKER, | ) | Case No. 09-10315 |
| | ) | Chapter 13 |
| Debtor. | ) | |

## MEMORANDUM OPINION

Doug and Michelle Busenitz move for relief from the automatic stay to pursue a state court quiet title action against the debtor Randal Barker and non-debtor Rebecca Veith.[1] The subject of the quiet title action is a 1993 Skyline/Woodfield manufactured home that the movants allegedly sold the debtor and Ms. Veith on what may be interpreted as a form of escrow agreement. The

---

[1] Dkt. 15.

movants drafted the agreement. After hearing the testimony of Ms. Busenitz, the debtor and Ms. Veith, and reviewing the documents offered as exhibits, the Court is prepared to rule.

In December 2004, the parties executed the undated Contract (hereafter "memorandum")[2] which provided that Barker and Veith would purchase and the Busenitzes would convey the mobile home whenever the buyers were able to pay off the Busenitz's purchase money loan from Green Tree Financial Corp. There is no term provision otherwise specified in the memorandum. Under the home-made agreement, Barker and Veith were to pay the movants an amount equal to the monthly payments under the Green Tree note or $363.81. These payments were to commence on February 26, 2005 and Barker and Veith were given possession of the home in March or April 2005. Barker and Veith assert that they were not told that there was an underlying contract with Green Tree. The memorandum states that "Doug and Michelle Busenitz are carrying Randal Barker, Rebecca Veith for loan until [they] can buy from Doug and Michelle Busenitz." The memorandum also states that "owners are at this time Doug and Michelle Busenitz until Randal Barker, Rebecca Veith *can pay off note*." No one offered the Green Tree loan documents into evidence, but the certificate of title does indicate that the movants are the owners of the home subject to a lien in favor of Green Tree.

There is no evidence concerning Barker and Veith's payment record other than a bank statement indicating they last made a payment in November of 2008. Barker admitted that they missed the December 2008 and January 2009 payments because he was involved in a motorcycle accident in November 2008 that resulted in his missing time at work. After they entered into the memorandum, they moved the home to land in Butler County to which Veith had access, but

---

[2] Ex. 1.

removed the home to another part of Butler County when Veith was evicted from the prior location. Barker claims the home as his homestead, but it was not occupied on February 12, 2009 when he filed this case. He intends to remove the home to land he owns or has access to in Pratt County and to refinance both the land and home in order to pay off the Busenitzes. His Chapter 13 Plan provides that the indebtedness to the Busenitzes is $5,000 which he intends to repay at the contract amount of $363 per month until paid. No one offered any evidence of what remains due and owing on the Green Tree account nor does the memorandum specify what its total amount is. There is no evidence of what remains due and owing under the memorandum. Busenitz has not filed a proof of claim as of July 1, 2009. Veith testified that when she was discussing purchasing the home with Michelle Busenitz, Busenitz asked $33,000.

When Barker and Veith moved the home off Veith's land in late 2008, the double-wide mobile home was separated into two halves and left open to the elements. It stood in that condition until Busenitz located it. In late January of 2009, Busenitz commenced an action to quiet title in Butler County District Court and, on January 29, that court issued a Temporary Restraining Order restraining Barker and Veith from interfering or restraining the Busenitzes from securing and winterizing the home. The home has been damaged by being exposed during the wet winter of 2008-2009, but the extent of that damage is not known. Contrary to the requirements of the memorandum, the home was not insured by Barker during the pendency of this case.

The trustee reports that Barker is making his current plan payments. Debtor has amended his plan to provide for increased payment to several creditors, but still intends to pay only $5,000 on the Busenitz claim. Barker alleges that the home is worth $10,000. When Busenitz last saw the home in May of 2009, it was vacant.

Analysis

At issue here is whether the movants are entitled to stay relief to finish their state court quiet title action which is, in effect, an action to cancel the memorandum and replace them in possession and control of the mobile home. The memorandum is far from a complete expression of what these parties intended. Barker says that he knew nothing of the Green Tree obligation until recently while Michelle Busenitz says she advised Veith of it when discussing the sale of the home in 2004. With Barker making his plan payments timely, the Trustee should be in a position to distribute payments to Busenitz.

Reading the memorandum and considering the extensive parol evidence offered without objection at trial that established at least a few of its missing terms, the Court finds that the parties agreed to the purchase by Barker and Veith of the home for not less than $33,000, the same to be payable monthly at $363.81. The contract stipulates no interest rate. If the payments were intended to reduce principal only, 91 such payments would pay off $33,000. If the debtor has made all of those payments due from February of 2005 through November of 2008, debtor has made 45 monthly payments or $16,374. This amount is roughly half of what the debtor owes under the agreement, suggesting that he has amassed a considerable equity that he should be given an opportunity to preserve in Chapter 13.

The Court is really hamstrung by the failure of the Busenitzes to introduce the Green Tree contract into evidence. The Court notes that 180 monthly payments of $363.81 amortize $33,861 at 10 per cent per annum. The Busenitzes applied for their certificate of title on March 9, 1993. If the Busenitzes entered into their agreement with Green Tree in 1993, more than fifteen years ago, their contract would have been paid off as of February of 2008. If Barker made his payments under

-4-

Case 09-10315    Doc# 50    Filed 07/29/09    Page 4 of 7

the memorandum from February of 2005 forward, and if the Busenitzes applied them to the Green Tree obligation as Ms. Busenitz testified, the Green Tree loan should be paid off and the lien released.

In determining whether to lift or condition the stay, the Court must first consider whether the movants lack adequate protection or there is other cause for relief as provided for under § 362(d)(1). Movants claim they have been denied adequate protection because the debtor allowed the home to stand uninsured and left it open to the elements. It is clear that the home was unprotected for a time period, but also that the Busenitzes secured it prior to this case being filed. At present the debtor is current on his plan payments and, had the Busenitzes filed a proof of claim, the Trustee could distribute payments to the movants on an as-confirmed basis. Unfortunately, the plan as currently drafted does not provide for payment of the $10,000 value the debtor says the home is worth and if Busenitz is legally entitled to more than that, there is no evidence of how much more. Crediting Ms. Veith's testimony that the sale price was to be $33,000, and assuming the only payments Barker missed were those due after November of 2008, he has paid a considerable sum toward the home and still owes about $16,626 on a home that he values at $10,000. His plan proposes only that he pay $5,000.

On a stay relief motion asserting lack of adequate protection, Barker had the burden of proof on all issues, including that he has provided adequate protection under § 362(e). Barker offered no evidence of insurance and essentially conceded that the home was left open to the elements. Nor did he demonstrate that he had made all of the payments due prior to November, 2008. The Court cannot conclude that the interest of the Busenitzes, whatever it may be, has been adequately protected. At the same time, it appears that Barker may have accumulated a substantial payment

-5-

equity in the home, but his plan which only offers to pay $5,000 on a property he values at $10,000 would not, even if confirmed, afford the movants the indubitable equivalent of their interest (assuming the value of the home to be $10,000).

The Court posits an alternative means of resolving this dispute here. First, the Busenitzes could file a proof of claim in this case. By doing that, they would not only tell the world what they think they are owed, but they would also become entitled to receive contract payments under § 1326(a). Until a claim is filed, the Trustee cannot distribute any payments to them. If Barker disputed what they claimed, he could object to their claim, a matter that could be quickly resolved in a prompt hearing here. Under either scenario, Barker may wish to carefully consider whether he wishes to pay more to retain what is likely by now a weather-damaged 16-year-old mobile home. It is not for the Court to steer the parties one way or the other, but the Bankruptcy Code and Rules do provide another avenue of resolution. Because no one has taken that path, the Court must rule on the issue at hand.

Based on the forgoing findings of fact and conclusions of law, Debtor failed in his burden to prove that he has adequately protected the interest of Doug and Michelle Busenitz because of the lack of insurance and the failure to physically protect the property. His plan does not propose to pay them even the value he attributes to the home. Therefore, it is appropriate to lift the automatic stay under § 362(d)(1) for cause as to the debtor, as well as the co-debtor stay under § 1301, but only to the following extent.

Doug and Michelle Busenitz may prosecute through judgment their quiet title action in Butler County District Court. In so ordering, the Court will defer to the Butler County District Court to determine what the missing terms of the memorandum were, what debtor has already paid, and

-6-

Case 09-10315    Doc# 50    Filed 07/29/09    Page 6 of 7

what he still owes. While the quiet title action is pending, Barker may occupy and use the home if he is able to do so. If and when the Busenitzes file a proof of claim in a form that enables the trustee to administer their claim, Barker's continued occupancy will be conditioned upon his commencing and continuing appropriate monthly payments through the trustee as mandated by § 1326, and upon his procuring and maintaining insurance on the home. If the Butler County District Court enters a final and non-appealable judgment on the quiet title action in their favor, Doug and Michelle Busenitz may seek from this Court, further relief from stay to pursue enforcement or execution of their judgment and possession of the mobile home. Absent the further order of this Court, they remain stayed from executing upon any judgment they may receive in state court.

Counsel for Busenitz shall file this Court's Memorandum Opinion in the state court quiet title action and provide a courtesy copy to the Butler County District Court. Such filing shall serve as notice to the Butler County District Court that the bankruptcy automatic stay is lifted for further prosecution of the pending quiet title case as set forth herein.

# # #